**GRACE DeSALVO v. BYRON T. CURRY and MARY MARTHA CURRY, his wife.**

33 So. (2nd) 215                                June Term, 1947
January 9, 1948                                      Division A
Rehearing denied February 5, 1948

*John M. McNatt, Harry T. Gray* and *Francis P. Conroy,* for appellant.

*Howell, McCarthy, Lane & Howell,* for appellees.

CHAPMAN, J.:

This controversy grows out of a collision between two automobiles at the intersection of San Juan Street and Cassatt Avenue on the late afternoon of November 16, 1946. This street intersection is situated outside the incorporate limits of the City of Jacksonville. Cassatt Avenue runs north and south, while San Juan Street runs east and west. Byron T. Curry, accompanied by his wife, Mary Martha Curry, was traveling east in a Chevrolet automobile on San Juan and Mrs. Grace DeSalvo was traveling south on Cassatt Avenue, driving a Chrysler. The proximate cause of the collision, Mr. and Mrs. Curry charged, was due to the negligence of Mrs. Grace De-Salvo. Mrs. DeSalvo denied the negligence and in a counter claim charged that the negligence of Byron T. Curry was the proximate cause of the collision.

The plaintiffs, Byron T. Curry and wife, Mary Martha Curry, in a single count of a declaration, alleged that on the 16th November, 1946, they were riding in an automobile driven by Byron T. Curry at the intersection of San Juan and Cassat Avenue and the defendant, Grace DeSalvo, at and near the aforesaid intersection negligently ran an automobile into, against and upon the automobile of the plaintiff, Byron T. Curry, and as a result each of the plaintiffs sustained serious and permanent injuries. Attached thereto was a bill of particulars. The defendant, Grace DeSalvo, filed to said declaration a plea of not guilty.

The counter claimant, Grace DeSalvo, filed a counter claim and charged negligence against plaintiff, Byron T. Curry, consisting of three counts: (1) the plaintiff, Byron T. Curry, negligently operated his automobile at the aforesaid street intersection and as a result thereof collided with the automobile

driven by the counter claimant; (2) the plaintiff Curry negligently failed to observe the stop sign on the road approaching the intersection and as a result his automobile collided with that of the counter claimant; (3) that the failure to observe the road signs by Curry was the proximate cause of the colision; (4) that the rainy weather and approaching darkness required lights on the automobile nearing the said intersection but the plaintiff Curry failed to have the lights on his car burning and as a result his automobile collided with that driven by the counter claimant. The failure to have the light burning on the Curry car was the proximate cause of the collision. The injuries sustained by the counter claimant are set forth in each count of the counter claim.

The plaintiff Curry filed pleas of not guilty and contributory negligence and traversed some of the allegations in described portions of the counter claim and on these several issues the disputes and conflicts in the evidence were submitted to a jury, which resulted in a verdict favorable to Mrs. Grace DeSalvo as to one of the plaintiffs, Byron T. Curry, but a verdict against her in the sum of $8,000.00 for the other plaintiff, Mary Martha Curry. The jury found against Mrs. DeSalvo on the three counts of her counter claim against Byron T. Curry. Motions for a new trial and in arrest of judgment were made and denied and over objections of the defendant the court permitted the filing of amendments to the amended declaration. The defendant below appealed.

Counsel for appellant pose here for adjudication some fourteen questions. Questions one and two are simplified and discussed in the brief under topics: (a) negligence will not be presumed; (b) no negligence has been shown. The authorities cited in the brief to sustain the several contentions made have been considered along with the logic and reasons advanced to sustain the conclusion reached. We fully agree with the first contention of counsel that the burden of proof under the law in the case at bar rested on the plaintiffs below and that negligence cannot be presumed. The second contention to the effect that no negligence on the part of the appellant was established. must be answered by the testimony in the record. The plaintiffs testified that they approached the in-

10

tersection, when Byron T. Curry stopped his car before entering the intersection and then looked to the left and to the right, and, seeing no one approaching, placed his car in second gear and entered the intersection. We do not overlook the fact that this testimony was sharply contradicted by the testimony of witnesses adduced by the defendant. The courts are powerless under our judicial system to invade the province of the jury and decide disputes and conflicts in the testimony.

Appellant's questions three and four are argued together. The contention is made that Section 317.42, F.S.A., is here controlling; that it was the duty of Byron T. Curry under this provision, when approaching Cassatt Avenue from the west on San Juan, to stop his automobile as directed by the road sign, "Stop," and that it was his duty to yield the right of way to other vehicles which had entered the intersection or to vehicles then approaching the intersection so closely as to constitute an immediate hazard. We are requested to hold as a matter of law, which cannot be done under the law, that Byron T. Curry, from the facts in the record, violated the terms and provisions, supra, and that the judgment entered in behalf of his wife, Mary Martha Curry, be set aside and held as naught. It is argued that the instructions given by the trial court as to the rights of motorists at arterial highway intersections were not clear but confusing and misleading. The applicable rule is that alleged erroneous instructions must be considered in connection with all other charges appearing in the record as given by the trial court.

Questions, 5, 6, 7, 8, 9, 10, 11, 12 and 13 are discussed under one assignment and topics are viz: (a) in general; (b) the first entry rule does not apply where there is a stop sign; (c) statutes and rules giving driver on right the right of way do not apply to stop streets; (d) the charge of the first entry rule was manifestly erroneous because plaintiffs admitted they were not proceeding lawfully; (e) last clear chance doctrine not applicable; (f) the charges are erroneous, conflicting and prejudicial. We have given careful consideration to the many contentions in appellant's brief in their discussion of the above questions.

The verdicts rendered by the jury found against the claims of (a) Byron T. Curry against Mrs. Grace DeSalvo; (b) the counter claims of Mrs. Grace DeSalvo against Byron T. Curry; and (c) a verdict in the sum of $8,000.00 and judgment thereon as entered against Mrs. Grace DeSalvo in favor of Mary Martha Curry, and the several arguments supra, are directed to the Mary Martha Curry judgment. It does appear that the verdicts, supra, put at rest many of the contentions presented under (a), (b), (c), (d), (e) and (f), supra. The cited cases have been examined, but let us assume, arguendo, that Byron T. Curry was negligent, as here contended, in entering the street intersection, then, may we inquire, how does his (the husband-driver's) negligence affect the right of recovery on the part of his wife then riding in the car with him? It appears that the question is answered by the rulings in Seaboard Air Line Ry. Co. v. Watson, 94 Fla. 571, 113 So. 716; Hernandez v. Pensacola Coach Corp., 141 Fla. 441, 193 So. 555; Peninsular Telephone Co. v. Marks et vir.; 144 Fla. 652, 198 So. 330.

The trial court, in commenting on the negligence of Mrs. Mary Martha Curry and her right to recover, in the order denying the motion for a new trial, in part, said:

"The evidence in this case, to my mind, clearly shows that the driver Curry was negligent and it also shows that the driver of the other car, Mrs. DeSalvo, was negligent as she drove her automobile South on Cassatt Avenue. There was a vacant lot on the Northwest corner of Cassatt Avenue and San Juan Avenue and she could have seen the car going East on San Juan Avenue which was driven by the plaintiff Curry. The facts in this case very clearly show that both Mrs. DeSalvo and Curry were negligent. Mrs. Curry was not chargeable with the negligence of her husband. There is nothing in the evidence to put her on notice and to require that she should protest to her husband. The evidence shows that Mrs. DeSalvo did not see Curry's automobile until the collision occurred."

The contention is made by appellant's counsel that it was the trial court's duty, under the law, to direct a verdict for the appellant upon the theory that she was free from negli-

gence at the time of the impact; that the collision occurred at a place where Section 317.42, F.S.A., applied; that the appellant was driving at a moderate rate of speed with her lights on and was protected by a stop sign; appellant looked at the intersection but did not see a vehicle approaching; that the plaintiff failed to observe the stop sign on the road; that he entered the intersection without stopping or observing appellant's car; that disinterested witnesses saw plaintiff's vehicle approach and enter the intersection without lights and without slowing down or stopping; that appellant had the right of way because she was traveling a through street.

Counsel for appellee, in response, argue that plaintiff Curry stopped his car before entering the intersection and looked to his right and to his left on Cassatt Avenue; that he started his car off in low gear and shifted to second gear; that he entered the intersection at the rate of eight or ten miles per hour; the intersection was eighteen feet wide and Curry was hit by Mrs. DeSalvo's car wen in the center; witnesses saw Curry's car enter the intersection but Mrs. DeSalvo failed to see it; that the Curry car was hit on the left front door between the front and rear fenders; the impact drove the Curry car some forty or fifty feet; the DeSalvo car, after the impact, was headed north; Mrs. DeSalvo stated she did not see Curry before she hit him or was in the intersection; that the impact caused the right hand door of the Curry car to open and Mrs. Curry fell out and was rendered unconscious.

It is our view that the disputes and conflicts in testimony were for the jury, under appropriate instructions from the trial court. The instructions given from Toll v. Waters, et vir, 138 Fla. 349, 189 So. 393; City of Tallahassee v. Ashmore, 158 Fla. 73, 27 So. (2nd) 660, and Section 317.42 F.S.A., have not been shown to be erroneous. We do not believe the jury's verdict is excessive.

Affirmed.

THOMAS, C. J., TERRELL and SEBRING, JJ., concur.