W. F. KNUDSEN v. ROY GENE HANLON, a minor, by R. R. BROWN, as his next friend.

TWO CASES CONSOLIDATED

W. F. KNUDSEN v. EDWIN BALDERSTON, a minor, by R. R. BROWN, as his next friend.

36 So. (2nd) 192                                    June Term, 1948
June 15, 1948                                        Division A

*Milam, McIlvaine, Carroll & Wattles,* for appellant.

*Will O. Murrell,* for appellees.

SEBRING, J.:

The appellees, Hanlon and Balderston, were injured while guests in an automobile owned by the appellant Knudsen. At the time of the accident Hanlon, Balderston, Knudsen and one Lalk were occupants of the car, which was being driven by Lalk in the presence of Knudsen. Hanlon and Balderston sued Knudsen, as owner of the car, in separate actions for damages, alleging gross negligence in the manner of the operation of · the vehicle. To the declaration filed in these separate actions Knudsen interposed identical pleas of not guilty, assumption of risk amounting to contributory negligence, and that the four occupants of the car were engaged in a joint enterprise at the time of the accident. Demurrers were over-ruled to the pleas and the cases were consolidated for trial. At the close of the evidence offered at the trial the jury returned a verdict of not guilty. Subsequently, Hanlon and Balderston filed motions for new trial which were granted, the trial court being of the opinion that a new trial should be had in each case because of the fact that a charge requested by the defendant pertaining to the duty imposed on a guest riding in an automobile which was being negligently operated by another was erroneous; that a charge requested by the defendant with respect to joint adventure should not have been given; and that under the evidence as a whole, as a matter of law, the plaintiff could not be held to be a joint adventurer.

Knudsen has perfected an appeal in each of the cases, assigning as error the order granting a new trial. By stipulation of the parties, the appeals have been consolidated in this court and have been argued together.

The appellees in this appeal have attempted to argue in briefs the alleged error of the trial court in overruling the demurrer to the plea of joint adventure in each of the cases. The rulings of the trial court in this particular are matters of record which may not be considered on this appeal, as a motion for new trial extends only to alleged errors with respect to matters in pais for which a new trial should be granted. See Florida Common Law Practice, Crandall, Sections 482, 483, 489. Hence, the only proper matter arguable on this appeal in the propriety of the trial court's orders

granting new trials for alleged errors in pais, and in this respect we are confined solely to a review of the three grounds upon which the motions for new trial were granted. See Sections 59.07 (4), 1945 Supp. to Florida Statutes, 1941, F.S.A.; Thomas v. Western Union Telegraph Co., 129 Fla. 155, 176 So. 122; Gulf Coast Title Co. v. Walters, 125 Fla. 427, 170 So. 130; Hart et vir. v. Held, 149 Fla. 33, 5 So. (2nd) 878.

One of the grounds assigned by the trial court for granting the new trial was "that under the evidence as a whole, as a matter of law, the plaintiff could not be held to be a joint adventurer." Whatever may be the correct rule with respect to imputing the negligence of the driver of an automobile to the occupants thereof engaged in a joint adventure with him, where a suit for resulting injury is brought by one of the occupants of the car, not against the driver but against the owner of the vehicle who is likewise engaged in the joint adventure, we are unable to find that the trial court abused its judicial discretion in awarding a new trial on the grounds stated. Such evidence as was adduced at the trial by the defendant on the issue of a joint adventure was slight, to say the least, and appears to have been of that doubtful quality with respect to proof of the essential elements necessary to constitute a joint adventure that the trial judge who observed the witnesses and heard them testify was doubtless of the view that in the interest of justice a new trial should be awarded. "Where a new trial is granted and there is such a conflict in the evidence that this court cannot say that the trial judge abused his discretion in. granting such new trial, his ruling will not be disturbed." Carney v. Stringfellow, 73 Fla. 700, 74 So. 866; Gulf Refining Co. v. Howard, 82 Fla. 27, 89 So. 349; Lockhart v. Butt-Landstreet, Inc., 91 Fla. 497, 107 So. 641; Kight v. American Eagle Fire Ins. Co. of New York, 131 Fla. 764, 179 So. 792.

Another ground upon which the trial court based its order granting a new trial was the giving of a charge requested by the defendant that "It is the duty of a guest riding in an automobile to take observations of dangers and to avoid them if practicable by suggestion or protest, so if you find from a preponderance of the evidence in this case that the plaintiffs were

riding as guests in the automobile of the defendant, W. F. Knudsen, taking no heed of danger from the rate of speed the car was being driven, made no protest as to the manner in which the car was being driven, then the plaintiffs cannot recover and your verdict should be for the defendant."

We are of the opinion that the charge as given very likely conveyed to the jury the impression that a much greater duty is imposed upon a guest riding in an automobile operated by another to use care for his own safety than is actually imposed by law; hence, we cannot hold the trial court to have abused its judicial discretion in granting a new trial because of the giving of the charge. As we understand the law, a guest riding in an automobile is entitled, save under exceptional circumstances, to trust the vigilence and skill of his driver, unless such occupant knows, or by the exercise of ordinary and reasonable care should know from the circumstances of the occasion, that the driver is not exercising that degree of care in the operation of the vehicle compatible with the safety of his passenger. In such case it becomes the duty of the guest to make some reasonable attempt through suggestion, warning, protest or other means suitable to the occasion, to control the conduct of the driver. However, before the duty to warn, protest, or take other such action suitable to the circumstances of the case, arises, it is necessary that the occupant should know or have reason to know that it is reasonably essential to his own safety to attempt to warn or to control the conduct of the driver, and there must be sufficient time and opportunity for the guest to give warning or make protest before the happening of the accident; for a guest in an automobile may know at a particular time what the driver is doing, yet have no reason to realize that it is necessary that he intervene for his own safety. See Restatement of the Law, Volume II, pp. 1282-1284, 1230-1231, 1262; Huddy's Cyclopedia of Automobile Law, 9th Ed. pp. 257, 258, 265.

The orders appealed from are affirmed.

THOMAS, C. J., TERRELL and CHAPMAN, JJ., concur.