**ARLINE et al. v. BROWN.**

No. 13413.

United States Court of Appeals
Fifth Circuit.

June 28, 1951.

Willard Ayres, Frank R. Greene, Ocala, Fla., for appellant.

J. Henson Markham, Jacksonville, Fla., for appellee.

Before HOLMES, BORAH and RIVES, Circuit Judges.

HOLMES, Circuit Judge.

This controversy arose out of a collision in Florida between two automobiles. The action was brought by appellants, who are husband and wife, against the appellee, who filed a counterclaim against both appellants or either of them; but by instruction of the court below, the counterclaim was treated by consent of the parties as being against the husband alone. The appellants' complaint set forth a claim by the husband for his personal injuries, damage to his automobile, and medical expenses and loss of consortium resulting from injuries to his wife. In her own behalf the wife claimed damages for her personal injuries, including pain and suffering.

The appellee, by his answer, denied the allegations of the complaint, and pleaded contributory negligence on the part of the husband, which he claimed on the trial was imputed to the wife and defeated her claim also. At the conclusion of the evidence, the court below denied the wife's requested instruction that any contributory negligence on the part of her husband should not be imputed to her. In addition, the court instructed the jury that contributory negligence on the part of the husband would not only defeat his right to recover but that of his wife, because they were engaged in a joint venture at the time of the accident. The jury rendered its verdict finding the defendant not guilty on the claims of the plaintiffs, and the husband not guilty on the counterclaim of the defendant. Judgment was entered accordingly, which denied all parties, including the wife, any relief.

We find no fault in the verdict or judgment so far as the drivers of the two cars are concerned; and the judgment as to them, we think, should be affirmed; but prejudicial error was committed against the wife in deciding, as a matter of law, that she and her husband were engaged in a joint enterprise and that his negligence was imputed to her. There is no evidence in this record to justify such finding. It affirmatively appears that the wife was a guest in her husband's car; that she had recently undergone an operation, and was in no condition to exercise any control or authority over the car in which she was riding. She was being taken by her husband to visit her relatives on the day of the accident, but this fact alone was not an adequate basis for the court's conclusion that they were engaged in a joint enterprise. There can be no joint enterprise, under the Florida law, without an agreement, express or implied, to enter upon an undertaking, in the objects and purposes of which the parties have a community of interest, and in the pursuit of which they have equal authority. Mutuality of control over the subject matter is essential to the existence of a joint venture. Willis v. Fowler, 102 Fla. 35, 136 So. 358; Boyd v. Hunter, 104 Fla. 561, 140 So. 666; Albert Pack Corp. v. Fickling Properties, Inc., 146 Fla. 362, 200 So. 907; Yokum v. Rodriguez, Fla., 41 So.2d 446, 448; Livingston v. Twyman, Fla., 43 So.2d 354; Am. Jur., p. 682.

The doctrine of imputed negligence has received little recognition in the courts of Florida. On numerous occasions, the Supreme Court of that state has refused to impute the negligence of a husband to his wife, who was riding with him in the car. Seaboard Air Line R. Co. v. Watson, 94 Fla. 571, 113 So. 716; Toll v. Waters, 138 Fla. 349, 189 So. 393; DeSalvo v. Curry, 160 Fla. 7, 33 So.2d 215. In Kirch v. American C. L. Railroad Co., 5 Cir., 38 F. 2d 963, this court held that the negligence of the driver of a car could not be imputed to one who was accompanying him as a guest or by invitation. In Potter v. Florida Motor Lines, D. C., 57 F. 2d 313, Judge Strum very thoroughly discussed the doctrine of imputed negligence, and concluded that it rests upon the maxim that he who acts through another acts himself, and that to impute the negligence of the driver to another person riding in the car, the parties must stand in such relation to each other that the maxim applies, which is only where the relationship is that of principal and agent, master and servant, or partners, or when the circumstances are such that the vehicle, though manually-

operated by one person, is in the actual control of another. There is no evidence in this record to warrant a finding that any of these relationships existed.

At the outset in this court, we were met with a motion to dismiss this appeal, which we have considered with the merits of the case, and are of the opinion that the motion should be overruled because of the great injustice that would befall an innocent party if the appeal were dismissed. The record will be corrected in accordance with appellants' suggestion, which is supported by an affidavit of the clerk of the court below; and, as corrected, it indubitably appears that the appeal was timely filed. This being so, under Fed. Rules Civ. Proc. Rule 73(a), 28 U.S.C.A., failure of the appellants to take any of the further steps to secure review of the judgment appealed from, required by Rule 73 (g), does not affect the validity of the appeal; and whether a dilatory appellant should be allowed to proceed with his appeal is within the discretion of the appellate court. In Ispass v. Pyramid Motor Freight Corp., 330 U.S. 695, 703, 67 S.Ct. 954, 91 L. Ed. 1184, the court stated that Rule 73 was intended to place reliance upon the sound discretion of the Court of Appeals. We are satisfied, under the circumstances of this case, where the clerk inadvertently notified counsel for appellants that the record on appeal was due on September 30, 1950, instead of September 3, 1950, that counsel's failure to file the record was excusable. Moreover, as we have seen, the appeal presents a substantial question as to the correctness of the judgment; and, in the interest of justice, we deem it necessary to consider the appeal on its merits. Cf. Brennan v. United Fruit Co., 5 Cir., 108 F. 2d 710; Morrow v. Wood, 5 Cir., 126 F.2d 1021.

The motion to dismiss the appeal is overruled; and the judgment appealed from is affirmed except as to the claim of appellant Sadie M. Arline. That part of the judgment denying recovery to Sadie M. Arline is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

Affirmed in part and reversed in part.