62 So.2d 759 (1952)
ASTOR ELECTRIC SERVICE, Inc.
v.
CABRERA et al.
Supreme Court of Florida, en Banc.
July 1, 1952.
On Petition for Rehearing November 25, 1952.
On Further Rehearing January 13, 1953.
Rehearing Denied February 9, 1953.
*760 Knight, Smith & Underwood, Miami, for appellant.
Hunt, Salley & Roman, Miami, for appellees.
TERRELL, Justice.
This was an action by appellees as plaintiffs against appellant as defendant to recover damages for personal injuries resulting from a collision of plaintiff's Pontiac Sedan with the service truck of defendant. In the amended complaint Estrella Cabrera claimed damages for pain and suffering and Guillermo Cabrera claimed damages for medical expenses, loss of consortium and damages to his automobile. The case went to trial on the following pleas: (1) Not guilty. (2) Contributory negligence. (3) The husband was driving the car as the agent of his wife and his negligence is attributable to her. (4) At the time of the accident the husband and wife were engaged in a joint enterprise. There was a counterclaim on the part of defendant for damages to its truck. The trial resulted in a verdict for Estrella Cabrera in the sum of $8,500, a verdict for the defendant as to Guillermo Cabrera's Claim and a verdict for the plaintiffs on the defendant's counterclaim. Final judgment was entered on the verdict, motion for new trial was denied and defendant appealed.
There is no controversy about the essential facts in the case. It is not disputed that the plaintiffs were citizens of Puerto Rico but were temporarily sojourning in Miami at the time of the accident, that community property is the law in Puerto Rico, that Guillermo Cabrera was driving the automobile at the time of the accident, that Estrella Cabrera was riding with *761 him, that the accident occurred as the service truck was turning from the main highway on to a side road, that Guillermo Cabrera was following the truck and was attempting to pass it when the collision occurred, both vehicles having turned too far to the left. The jury found both drivers guilty of contributory negligence and denied recovery as to them.
It is first contended that the negligence of Guillermo Cabrera should be imputed to Estrella Cabrera, they being husband and wife, that she should be denied recovery because community property is the rule in Puerto Rico, under which she is co-owner of the automobile, that the husband was driving the car with the wife's knowledge and consent, that he was acting as her agent and was at least partially responsible for the accident.
This contention is grounded on an ancient legal fiction that has by comity or legislative act been grafted on the law of many jurisdictions. The gist of it is that personal property attaches to the person of the owner and has no situs for taxation or any other purpose except that of the owner's domicil. Under this fiction it matters not where personal property is located, it is governed by the law of the owner's domicil. Since the permanent domicil of the plaintiffs is Puerto Rico where community property is the rule, it would necessarily follow that his negligence was her negligence and she should not be permitted to recover. It is further contended that the judgment should be reversed because a large portion of it was for medical expenses and doctor's bills which the husband was required to pay. If the judgment is permitted to stand the husband will share in it despite the fact that the jury found that he was guilty of contributory negligence.
It is contended by appellees that Chapter 25110, Acts of 1949, Section 92.031, F.S.A., governing notice of foreign statutes, was not properly invoked in this case, and being so, the community property rule of appellees' domicil should not be recognized. Appellees also contend that the presumption of joint ownership in jurisdictions recognizing community property is not conclusive but may be and in this case is, rebutted by allegations putting it in issue which is not only undenied but is supported by the evidence. Appellees last contend that even though the automobile involved in the accident here is owned by husband and wife domiciled where community property is the rule, the husband's negligence should not be imputed to the wife in a tort action so as to bar her recovery in this jurisdiction which does not recognize community property.
Whether or not the proper predicate was laid for invoking Section 92.031, F.S.A., is unnecessary to decide. There is no evidence in the record relating to the law of Puerto Rico, though it is shown that the automobile was purchased in New York sometime before the accident and the allegations of ownership being undenied would seem to settle that question for the purpose of this case. In this situation we are of the view that the doctrine stated and relied on by appellees in the preceding paragraph is predicated on equitable considerations and concludes this point so it becomes unnecessary to discuss other phases of the question.
It is settled in this and many other jurisdictions that the rights of parties to a tort action are governed by the law of the place where the tort was committed. Myrick v. Griffin, 146 Fla. 148, 200 So. 383; Matney v. Blue Ribbon, Inc., 202 La. 505, 12 So.2d 253; Texas & P.R. Co. v. Humble, 181 U.S. 57, 21 S.Ct. 526, 45 L.Ed. 747; W.W. Clyde & Co. v. Dyess, 10 Cir., 126 F.2d 719; Traglio v. Harris, 9 Cir., 104 F.2d 439, 127 A.L.R. 803, certiorari denied 308 U.S. 629, 60 S.Ct. 125, 84 L.Ed. 524; De Salvo v. Curry, 160 Fla. 7, 33 So.2d 215. These cases recognize the relation of joint agency and joint relation between husband and wife but there is no evidence to support such a relationship in this case. To constitute joint agency or ownership in an automobile there must be a showing of joint control or responsibility for its operation and that both agents have a voice in its direction. There is no such showing here.
In view of what has been said, we must decline to engraft any aspect of community *762 property on the law of Florida by interpretation, since the legislature has not seen fit to do so. It is a relic of a social order different in every fundamental aspect from that which prompted the Common Law, much of which has been softened or abrogated by equity and legislative fiat. Change rather than rigidity must be recognized as the natural course of the law. One of the most important functions of the court is to direct its changes so as to preserve our moral and spiritual heritage. It is the only method we have found to make our conclusions square with justice.
It is next contended that the judgment should be reversed because it is shown that the verdict for the wife included amounts sustained by the husband for medical expenses and hospital bills which were denied him because of contributory negligence and no claim therefor was made by the wife.
It appears that when the jury returned its verdict the court propounded several questions to the foreman, which elicited the fact that they found for Mrs. Cabrera on the theory that she was an innocent victim and denied recovery to Mr. Cabrera and the driver of the truck upon the theory that both were guilty of contributory negligence, but that possibly medical expenses had been included in the amount of the verdict for Mrs. Cabrera, which were only recoverable by Mr. Cabrera.
In support of his motion for new trial filed ten days after the verdict was tendered and the jury discharged, appellant submitted an affidavit of the juror Carroll, the pertinent part of which recites that in fixing the amount of said verdict the jury reasoned as follows: "Past and future medical expenses  $5000.00, pain and suffering  $3500.00; Total  $8500.00." This was the affidavit of a single juror, the details of which were not subscribed to by any other juror.
The record shows that before the verdict was finally received the jury was polled by request of the appellant and each member approved the verdict of $8,500 for Mrs. Cabrera as his own. This forecloses the assault on the verdict based upon the colloquy between the court and the foreman.
Many jurisdictions in this country are committed to the rule that affidavits of jurors may be admitted to explain and uphold their verdict but never to impeach or overthrow it. This general rule has been qualified to the extent that affidavits of jurors may be admitted to remove any matter taking place during the trial or in the jury room which does not inhere in the verdict but they are never admitted to show what was in another juror's mind when he approved the verdict or to reveal the circumstances which prompted their conclusion. Coker v. Hayes, 16 Fla. 368; Turner v. State, 99 Fla. 246, 126 So. 158; Consolidated Rendering Co. v. New Haven Hotel Co., D.C., 300 F. 627; Wigmore on Evidence, 2nd Ed., Vol. 5, page 108, 64 C.F. Trial, par. 914.
The affidavit in question attempts to speak for the mental promptings of the other jurors and was properly rejected by the trial court.
Other errors were assigned in the motion for new trial but they are not argued. They will accordingly be considered as having been abandoned. For the reasons so stated we think the trial court adjudicated both questions correctly so his judgment is affirmed.
Affirmed.
CHAPMAN and ROBERTS, JJ., and MURPHREE, Associate Justice, concur.
SEBRING, C.J., and THOMAS and MATHEWS, JJ., concur in part and dissent in part.
THOMAS, Justice (concurring in part and dissenting in part).
I concur in the opinion, except that part dealing with the allowance to the wife for medical expenses. I think a remittitur should be entered for that amount inasmuch as the jury found for the defendant against the husband Guillermo Cabrera.
SEBRING, C.J., and MATHEWS, J., concur.

*763 On Petition for Rehearing.
TERRELL, Justice.
On petition for rehearing the record and the briefs have been carefully reviewed. Mr. Chief Justice SEBRING, Mr. Justice THOMAS, Mr. Justice HOBSON and Mr. Justice MATHEWS, are of the view that the judgment appealed from should be affirmed on condition of a remittitur in the sum shown by the record to have been claimed by the husband for medical and hospital bills for injury to his wife. Mr. Justice DREW is of the view that the cause should be remanded for new trial on the question of damages to the wife only. Mr. Justice TERRELL and Mr. Justice ROBERTS are of the view that the judgment appealed from should be affirmed.
It results that on rehearing the judgment appealed from is affirmed on condition of a remittitur in the sum shown by the record to have been claimed by the husband for medical and hospital bills for injury to his wife.
It is so ordered.
SEBRING, C.J., and THOMAS, HOBSON, ROBERTS, MATHEWS and DREW, JJ., concur.

On Further Rehearing.
TERRELL, Justice.
On petition for rehearing granted the record and the briefs in this cause have been re-examined. Mr. Justice SEBRING, Mr. Justice THOMAS and Mr. Justice MATHEWS are of the view that the judgment appealed from should be affirmed on condition of remittitur in the sum shown by the record to have been claimed by the husband for medical and hospital bills for injury to his wife. Mr. Justice TERRELL, Mr. Chief Justice HOBSON, Mr. Justice ROBERTS and Mr. Justice DREW are of the view that the judgment appealed from should be affirmed.
It results that on rehearing granted the judgment appealed from must be and is hereby affirmed.
It is so ordered.
HOBSON, C.J., and THOMAS, SEBRING, ROBERTS, MATHEWS and DREW, JJ., concur.