### AVRETT v. ZEMMERMAN, et ux.
No. 60-1624-L.

Circuit Court, Duval County.

April 11, 1961.

Thomas J. Carroll, Jacksonville, for plaintiff.

Lloyd C. Leemis, Jacksonville, for defendants.

WILLIAM H. MANESS, Circuit Judge.

The plaintiff-passenger moved to strike defendants' third defense which asserts simply — " . . . that the plaintiff was guilty of negligence that contributed to causing the accident and injury complained of."

There is no question but that a general allegation of negligence in a complaint against the owner or operator of a motor vehicle is sufficient without specifying the particular act complained of *in automobile cases* and such is the extent of the allegations here.

However, the negligence of a driver of an automobile is not imputable to a passenger *except under special circumstances.* See

Bessett v. Hackett, 66 So. 2d 694. Even under our liberal rules of pleading (rule 1.8, 1954 rules of civil procedure) a complaint *or defense* must be adequate to "inform" the adverse party of the nature of the cause or defense asserted. The bald assertion "that the plaintiff was guilty of negligence that contributed to causing the accident . . ." is wholly inadequate to "inform" a plaintiff-passenger of the act or omission of such plaintiff on which the defendant intends to rely to show the "special circumstances" essential to establish contributory negligence on the part of such plaintiff passenger.

Defendant relies on Tampa Shipbuilding v. Thomas, 179 So. 705, for the sufficiency of the third defense here asserted but this court is of the opinion that the language of the plea of contributory negligence in that case, when read in the light of the allegations of the complaint, was sufficient to inform the plaintiff of the nature of the act or omission on which defendant intended to rely, and the court so held. It should be noted that this was not an automobile accident case.

Accordingly, it is ordered and adjudged that plaintiff's motion to strike should be, and the same is hereby granted, and the defendants are allowed ten days to amend.