CHARLES CARROLL, Associate Judge.
The plaintiffs’ decedent suffered untimely death in a railway crossing accident involving collision of a train operated by the defendant railway company and an automobile driven by the decedent. The plaintiff executrix sought damages of $1,644.00, representing the amount of the funeral expenses. The decedent’s surviving spouse, Mrs. Hanson, as a plaintiff, sought damages based on the elements of damage allowable to her by law in such circumstance.
In the case as tried before a jury the evidence was such that it could be expected the triers of fact should find that both the defendant and the decedent-driver were guilty of negligence which in combination was the legal cause of the accident. The trial judge denied a request of the defendant to submit interrogatories to the jury for findings as to the percentages of negligence of the defendant and the decedent-driver. The jury returned a verdict which awarded to the executrix the full amount of the damages claimed of $1,644.00, and awarded to Mrs. Hanson as the plaintiff surviving spouse damages in the amount of $175,000.00. Judgment was entered on the verdict.
On defendant’s motion for a new trial the court ordered a remittitur of one-half of the total of the awards, with a grant of new trial in event of rejection of the re-mittitur by plaintiffs. As ground therefor the court stated:
“The Court finds that the jury verdict and Judgment entered thereon was unconscionable and not based upon the evidence, the Court being of the opinion, based upon the evidence and the law, that the decedent-driver was at least fifty per cent negligent and that there was no way for the jury to have found no negligence on the part of the decedent-driver; the verdict and Judgment entered thereon reflected total sums without reference to negligence on the part of the decedent-driver and thus such verdict and Final Judgment entered thereon is contrary to the law and evidence in this case; * * * ”
The plaintiffs appealed. Our review involves a consideration of whether the order for new trial was error, or is supportable, based on the grounds stated in the order. Section 59.07(4) Fla.Stat., F.S.A.; *65 Knudsen v. Hanlan, 160 Fla. 566, 36 So.2d 192.
This case presents an unusual situation brought about by the doctrine of comparative negligence. The trial court appears to have concluded the jury failed to give the required effect to the negligence of the decedent-driver, in arriving at the amount of damages awarded. The only basis which appears for that conclusion was that the jury awarded the full amount of the damages allowable under the evidence on the claim of the executrix.
While the obvious failure of the jury to reduce the damages to the executrix by the amount which the negligence of the decedent-driver would require [which the trial judge considered to be fifty percent], there is no clear basis in the record to assume, from that circumstance, that the jury’s award of $175,000.00 to Mrs. Hanson as the surviving spouse did not involve an appropriate reduction, as instructed by the court, made necessary because of the negligence contributed by the decedent-driver.
On the contrary, the record furnishes reason to assume the jury properly so acted in arriving at the award of damages to Mrs. Hanson. In charging the jury with respect to the comparative negligence feature the court spoke only of the claim of “Mrs. Hanson”.[1] The court referred to “the total amount of damages” of Mrs. Hanson, with no reference in this connection to reduction of the damages which should be awarded to the plaintiff-executrix. While Mrs. Hanson, who was claiming damages individually, also was the person who was the executrix, it is apparent from the charge as given, relating to comparative negligence, the jury may have considered it applied only to Mrs. Hanson’s claim. For example, included in the charge was a statement that the jury “should award Mrs. Hanson the total amount of damages sustained by her reduced in the same proportion that Mr. Hanson’s negligence contributed to his own loss and death”.
An examination of the closing arguments of the attorneys shows no basis to assume the jury award of $175,000.00 to Mrs. Hanson was not for an amount properly reduced upon consideration of the effect of the negligence of Mr. Hanson, as the jury was expressly instructed to do by the court.
If the attorney for the plaintiffs in argument, had represented or suggested $175,-000.00, or a figure in that area, as being the amount of damages which Mrs. Hanson was entitled to recover, then there would have been basis for the assumption made by the trial court. In the closing argument made by the attorney for the plaintiffs, little reference in dollars was made as to the damages. In the argument it was brought out that Mr. Hanson had earned $30,000.00 per year, and it was suggested by plaintiffs’ attorney that a verdict of $600,000.00 would be an amount that would compensate Mrs. Hanson for the damages to which she was entitled. In view thereof, it may more readily be assumed that the award of damages to Mrs. Hanson individually involved a reduction based on a found percentage of negligence of Mr. Hanson; and the fact that the jury gave full recovery to the plaintiff-executrix (either by mistake, or upon an understanding that they could do so) should not result in depriving the plaintiff Mrs. Hanson of the *66 benefit of her jury award, in the circumstances of the case.
For the reasons stated, the remittitur-new trial order is reversed to the extent that it relates to the verdict award to the plaintiff Mrs. Hanson, individually, and the judgment which was entered in favor of the plaintiff Mrs. Hanson for the amount awarded to her individually by the verdict of the jury shall stand. We affirm the order appealed from to the extent that it orders a remittitur of one-half of the $1,644.00 awarded to the plaintiff-executrix. Any further proceedings on the latter feature of the case shall not affect the judgment which was entered in favor of Mrs. Hanson, individually.
It is so ordered.

. “If the greater weight of the evidence does not support the defense raised by the railway company, and the greater weight of the evidence does support the claim of Mrs. Hanson, then your verdict should be for Mrs. Hanson in the total amount of the damages she has claimed. If, however, the greater weight of the evidence shows that both Mr. Hanson and the railway through its agents and employees were negligent, and that the negligence of each contributed as a legal cause to Mr. Hanson’s death, your verdict should be for Mrs. Hanson, and you should award Mrs. Hanson the total amount of damages sustained by her reduced in the same proportion that Mr. Hanson’s negligence contributed to his own loss and death.”