GRIMES, Chief Judge.
This is an appeal from a judgment predicated upon a jury determination that appellant’s injuries were due 60% to her own negligence.
Appellant, a 12 year old girl, was injured in an automobile accident while riding as a passenger in her mother's automobile. Appellant’s mother was proceeding north on Hubert Avenue when she arrived at its intersection with El Prado Boulevard in Tampa. El Prado Boulevard is a four-lane road separated by a median strip. There was no traffic control light at the intersection. After first stopping at a stop sign governing motorists on Hubert Avenue, appellant's mother drove across the eastbound lanes. She then slowed but continued across the westbound lanes. She was struck on the right passenger door by appel-lees’ automobile which was travelling west on El Prado Boulevard in the curb lane. Appellant, who was riding in the front passenger’s seat, sustained serious injuries. As a consequence, she instituted this action for damages against appellees.
Both appellant and her mother testified that they did not see the car which struck the mother’s vehicle. There was testimony to the effect that when appellant rode with her mother as a passenger she would sometimes inform her mother of oncoming traffic. There was, however, no testimony that appellant had indicated to her mother the condition of traffic in the intersection prior to this accident.
At the conclusion of testimony, appellant’s motion for directed verdict on the issue of liability was denied. The jury then returned a verdict finding the appellees to be 40% of the cause of appellant’s injuries and appellant to be 60% of the cause of her injuries. Appellant’s motion for judgment notwithstanding the verdict was denied. Because the total damages were assessed at $25,000, the court entered a judgment in favor of appellant for $10,000.
The sole point on appeal is whether any evidence existed upon which the issue of appellant’s negligence could have been submitted to the jury. We find none.
As a general rule, the negligence of the driver of an automobile is not imputed to a passenger who has no authority or control over the car or the driver. Porter v. Jacksonville Electric Co., 64 Fla. 409, 60 So. 188 (1912). In Bessett v. Hackett, 66 So.2d *1197 694, 698-99 (Fla.1953), however, our supreme court outlined certain circumstances under which the passenger himself may be found negligent.
An exception to the general rule that a guest riding in an automobile is entitled to trust the vigilance and skill of the driver arises where the passenger knows, or by the exercise of ordinary and reasonable care should know, from the circumstances of the occasion, that the driver is not exercising that degree of care in the operation of the vehicle compatible with the safety of his passenger. “In such case it becomes the duty of the guest to make some reasonable attempt through suggestion, warning, protest or other means suitable to the occasion, to control the conduct of the driver. However, before the duty to warn, protest, or take other such action suitable to the circumstances of the case, arises, it is necessary that the occupant should know or have reason to know that it is reasonably essential to his own safety to attempt to warn or to control the conduct of the driver, and there must be sufficient time and opportunity for the guest to give warning or make protest before the happening of the accident; for a guest in an automobile may know at a particular time what the driver is doing, yet have no reason to realize that it is necessary that he intervene for his own safety. See Restatement of the Law, Volume II, pp. 1282-1284, 1230, 1231, 1262; Huddy’s Cyclopedia of Automobile Law, 9th Ed., pp. 257, 258, 265.” Knudsen v. Hanlon—Knudsen v. Balderston, 160 Fla. 566, 36 So.2d 192, 194.
The appellees argue that even though the appellant did not see their automobile until the accident, she was in a position where she should have seen it in time to warn her mother. Yet, even if appellant had seen the approaching automobile, there is nothing to indicate that she knew her mother was going to pull across the westbound lanes of El Prado Boulevard directly in front of it. There is no suggestion that the mother was driving recklessly before she reached the intersection. Under the facts of this case, to impose upon appellant a duty to warn would place upon automobile passengers an unrealistic responsibility for any sudden acts of negligence by their drivers.
We can only surmise that the jury erroneously sought to impute the mother’s negligence to appellant. In any event, there was no evidence of independent negligence on the part of the appellant. With appellant’s negligence out of the picture, the appellees’ negligence becomes the sole legal cause of the accident. Hence, there is no need for a new trial. The case is reversed with instructions to enter a judgment in favor of appellant for the entire $25,000.
BOARDMAN and OTT, JJ., concur.