94 So.2d 859 (1957)
Elaine Edna WARD, a minor, by her father and next friend, John Edward Ward; and John Edward Ward, individually, Appellants,
v.
Alva Rufus BASKIN, Appellee.
Supreme Court of Florida, En Banc.
May 1, 1957.
Nichols, Gaither, Green, Frates & Beckham, Sam Daniels and J.B. Spence, Miami, for appellants.
William R. Alvin, Miami, for appellee.
THORNAL, Justice.
Appellant, John Edward Ward, individually, who was a plaintiff below, seeks reversal of a judgment entered in favor of appellee, Baskin, who was defendant below, in an action for damages for injuries to appellant's minor daughter.
The sole point is the correctness of the ruling of the trial judge in instructing the jury that the contributory negligence of the mother would be a bar to recovery by the father, individually.
Appellant Ward, as father and next friend of his two-year-old daughter Elaine, and, individually, sued appellee Baskin for the alleged negligent injury of the daughter resulting from the operation of an automobile. The jury found for the child but against the father in his individual capacity. A judgment followed the verdict. No appeal was taken on the judgment in favor of the minor child. The father, however, in his individual capacity, seeks reversal of the judgment in favor of the defendant below.
The appellant contends that the trial judge committed error in instructing the jury to the effect that the contributory negligence of the mother of the child would bar recovery by the father as an individual.
*860 The appellee contends that the instruction on contributory negligence was proper under our decision in Klepper v. Breslin, Fla. 1955, 83 So.2d 587.
The briefs of the parties with admirable succinctness squarely present the issue. The discussions of counsel are devoted entirely to a consideration of the applicability of the Klepper decision to the case at bar. The trial judge was obviously of the view that the Klepper case was controlling and accordingly gave the instruction under attack. The instruction to which objection is here made reads as follows:
"If, from the evidence, you find the mother of Elaine Edna Ward failed to observe reasonable care, or to exercise reasonable care, control and supervision of the child, Elaine Edna Ward, then the mother of the child would be guilty of negligence which would bar recovery by the father, John Edward Ward, as said negligence is applicable to the father."
It is the position of the appellee that the decision in the Klepper case announced the rule that in all situations where a father brings suit for death or injury of a minor child and the normal family relationship exists, then the father is bound by the contributory negligence of the mother. In other words, it appears to be appellee's analysis of the cited decision that the mere existence of the relationship of husband and wife justifies imputing the negligence of one to the other.
A judicial opinion should be evaluated as a precedent in the light of the factual situation that gives rise to the opinion. The law is not a mathematically exact science. A perfectly sound principle as applied to one set of facts might be entirely inappropriate when a factual variant is introduced. This leads us to a consideration of the Klepper opinion in view of the issue raised by this appeal.
We believe that a cautious analysis of the Klepper decision will not justify the conclusion suggested by the appellee. Admittedly, the strong and able dissent in that case suggested that the majority opinion for all practical purposes receded from our long-established rule against the imputation of negligence. Admittedly also, the author of an article in the Miami Law Quarterly seems to have arrived at the same conclusion. See Miami Law Quarterly, Vol. X, No. 4, p. 591. We, therefore, welcome the opportunity to use the instant case as a vehicle to delineate clearly the distinctions.
We begin with the proposition that the mere relationship of husband and wife does not in and of itself constitute a sufficient basis upon which to impute to the wife or husband the negligence of the other. Bessett v. Hackett, Fla. 1953, 66 So.2d 694. We find nothing in Klepper v. Breslin, supra, contrary to this general rule. In order to justify this conclusion we think it well that the reader refer to the factual situation presented to the Court in the Klepper case and further bear in mind that we were there interpreting and applying Section 768.03, Florida Statutes, F.S.A., which is the act giving a right of action to parents for the wrongful death of a minor child. It was against this backdrop cyclorama that the tragedy unfolded in the Klepper decision. We there pointed out the significant peculiarities of the cited Florida statute. It was noted that after considerable research we found this statute to be peculiar to Florida with no exact counterpart in any other state. Hence the many decisions of other courts dealing with the subject are necessarily of little persuasion in Florida. The peculiarity consists in the provision that when suing for the wrongful death of a minor child, the father is authorized to recover damages not only for the loss of services but also for the mental pain and suffering of himself and his wife. We emphasized that the damage award under the statute was an indivisible one.
In Florida East Coast Railroad Company v. Hayes, 66 Fla. 589, 64 So. 274, 275, *861 Section 768.03, Florida Statutes, F.S.A., was initially subjected to an assault on its constitutionality. The validity of the statute was upheld entirely on the proposition that it permitted a defendant to interpose "any defense applicable to the demand" asserted by the complaint. Furthermore, by reference to the factual situation presented to us in the Klepper case one will observe that in that unfortunate tragedy we cautiously pointed out that the father was thoroughly familiar with the alleged negligent conduct of the mother; that he had made provision for protecting the child against the exact situation which ultimately occurred. Over a period of several months he knew that the mother was failing to make use of the precautions which he had provided for the child's safety and that he had done nothing whatever to prevent such deviations from the degree of care dictated by consideration of the child's safety. Again, in fairness to the parents in the Klepper case (just as we did in our opinion there), we do not intend to construe their conduct as negligence as a matter of law. The factual situation, however, was pointed out in order to justify the conclusion that there was evidence from which a jury could conclude that contributory negligence existed. Furthermore, time and again in the Klepper decision we attempted to emphasize that the ultimate judgment evolved around and radiated from the peculiarities of the particular statute and the actual factual situation that produced the result. To give further emphasis to our last statement, our judgment in the Klepper case concluded [83 So.2d 593] "that where a father institutes an action for the wrongful death of a minor child it is proper, if the facts so justify, as in the case before us, to assert against the father the defense of contributory negligence grounded upon the negligent acts or failure to act" of the wife and mother.
In referring to our opinion in Winner v. Sharp, Fla. 1950, 43 So.2d 634, a case involving the defense of contributory negligence of a third party custodian of a minor child, we pointed out that we were not intending to hold that the mother occupies the position of a third party custodian whose contributory negligence might bind the parents who employ her.
In the ultimate, therefore, we feel that the foregoing analysis of the Klepper decision adequately and completely distinguishes it from the situation presented by the instant appeal. We have felt justified in dwelling on the matter at considerable length for the simple reason that if confusion exists in applying the decision to the instant case it might well exist in its application to others. We think such potential confusion should be eliminated.
We now recur to the point before us. Was it proper to instruct the jury on the contributory negligence of the mother as binding the father in the instant case? This was an action for injury to the child rather than for wrongful death. The father sued in his own right to recover for expenses occasioned by her injury. We cannot hold him responsible for the alleged negligence of his wife because in this state we do not impute the negligence of a husband or wife to the other spouse merely because of the existence of the marital relationship. We have definitely held in other cases that this could not be done. Some courts appear to be receding from the rule but we have not done so in Florida. See Bessett v. Hackett, Fla. 1953, 66 So.2d 694. See also, De Salvo v. Curry, 160 Fla. 7, 33 So.2d 215.
It was therefore error to give the instruction quoted in the forepart of this opinion. The judgment is 
Reversed.
TERRELL, C.J., and HOBSON and O'CONNELL, JJ., concur.
DREW, J., concurs in judgment only.
*862 PARKS, Associate Justice, dissents.
DREW, Justice (concurring in judgment only).
I agree that the lower court erred in giving, as he did, the instruction quoted in full in the foregoing opinion of Mr. Justice THORNAL.
PARKS, Associate Justice (dissenting).
I agree that the marital relationship of husband and wife of itself furnishes no basis to impute the contributory negligence of the mother in the care of their child to the father while they are in her sole custody and control. In my opinion, it is a misconception of the law to ground the responsibilities and obligations of the parents inter sese in their management and control of the persons of their children, strictly on the marital relationship. The true basis of imputing the contributory negligence of the mother to the father vel non in these circumstances is grounded solely upon their mutual duties and obligations as joint natural guardians. Such duties and responsibilities though springing from the marital status are independent positive obligations imposed by law.
At common law, as repeatedly declared in former decisions of this Court, the father was the natural guardian of the children and as such was vested with the custody and control of their persons to the exclusion of the mother. The law imposed upon the father the concomitant responsibility and duty of guarding and protecting the safety and welfare of his children. In the execution of his duties he was required to use all reasonable care and diligence. His sole natural guardianship continued until the enactments of the Legislature, now embodied in Section 744.13, F.S. 1955, F.S.A., converted such guardianship to a joint one of the father and the mother. Thenceforth the rights, duties and responsibilities of the father toward his children and their persons as natural guardian became vested equally and jointly in the father and the mother.
Subsequent to this change in the status of the guardianship there appears no valid reason why it should not be held that the custody of the children by either of the natural guardians is also the custody of the other and therefore the negligence of either in the execution of the duties and responsibilities toward the children is the negligence of the other. It is a strained and narrow view that whittles away the scope of this joint obligation to hold that the father, while away for the day occupied with his duties as the breadwinner of the family, is exempt from the joint responsibility of himself and wife to see to the safety of their children on the theory that her negligence as the custodian of their persons was hers only and not his as well. To so hold would require a negligent third party to reimburse him for his loss of the services of the child and expenses incident to her treatment for the injuries received, notwithstanding the concurring negligence of his co-guardian in failing to look after the child. Such holding is an unrealistic view of the responsibilities of the joint guardianship. So long as we have the doctrine of imputation of contributory negligence it should be recognized in this case. And particularly is this emphasized when, as here, the child injured was only two years old and wholly incapable of looking after her own safety. In my opinion neither De Salvo v. Curry, 160 Fla. 7, 33 So.2d 215, nor Bessett v. Hackett, Fla., 66 So.2d 694, are applicable to this case because they involve merely the question of imputation of the husband's negligence in the operation of his car, to his wife, a passenger. The question we have here is of first impression in this State as far as I can find. It is hardly necessary to add that the child's right of recovery against such wrongdoer would not be prejudiced.
I think the charge of the Judge substantially complied with the law.