215 So.2d 305 (1968)
Eusebio M. MARTINEZ, Father of Jacqueline M. Martinez, a Minor, Deceased, Appellant,
v.
Jose RODRIQUEZ and Antonio Rodriguez, D/B/a Ingram Court Apartments, Appellees.
No. 37377.
Supreme Court of Florida.
October 30, 1968.
*306 Robert Orseck of Podhurst & Orseck, Miami, for appellant.
Dean, Adams, George & Wood and Jeanne Heyward, Miami, for appellees.
DREW, Justice.
This case is presented on certificate[1] from the United States Court of Appeals, 5th Circuit, 394 F.2d 156, in an appeal from a decision of the trial court denying recovery in an action by a father, appellant, for wrongful death of his two-year-old daughter by drowning in a swimming pool maintained at the defendants' apartment house premises where the child lived with her mother, the appellant husband and father being in Cuba.
The court states that:
"The case was tried before a jury, and the jury by special verdict, F.R.Civ.P. 49(a), found that defendants were negligent in their operation of the swimming pool and that Mrs. Martinez was negligent in her duty to supervise Jacqueline. Both of these findings are supported by the evidence and are binding under the Seventh Amendment. But plaintiff maintains that he is not completely barred by his wife's negligence since he neither (a) knew nor (b) should have known of his wife's conduct since he was out of the country at the time of the drowning. The Federal District Judge, citing Klepper v. Breslin, Fla., 1955, 83 So.2d 587, as the controlling authority held, however, that the recovery under Florida Statute 768.03, F.S.A. was `indivisible' and that the negligence of the mother-wife would be imputed to plaintiff-father-husband, so the father was denied recovery. Plaintiff argues that the Klepper decision is not controlling as it held only that when the father knew or should have known of a mother's negligence in supervising a child would the recovery for his loss of services and his mental pain and suffering be barred completely.
Defendants do not contend, nor is there any such jury finding, that the father was negligent in any way. As stated above we sustain the findings of negligence on the part of the mother and defendants. The only problem remaining is whether the father is barred by the mother's negligence. If so, the case ends. If not, it must be remanded for a determination of plaintiff's damages.

*307 (3) Question of Law to be Answered
Whether a father who sues under the Florida Statute 768.03, F.S.A. to recover damages for the death of his minor daughter is completely barred from recovery by the contributory negligence of the child's mother when the father neither knew nor should have known of the mother's negligent conduct in supervising the child."
Although numerous opinions bearing indirectly on the problem have been cited and reviewed in our consideration of this question,[2] we conclude that the point presented on this record must be controlled by the decision in Klepper v. Breslin, supra. This Court in that case affirmed a judgment for defendants in a father's action for wrongful death of a minor child based on instruction to the jury "that it appeared from the testimony that the child was in the custody of its mother with the knowledge and consent of the father who was the plaintiff and that the failure of the mother to observe reasonable care or to exercise reasonable care, control and supervision of the child would be applicable to both parents and would bar recovery by the father."[3]
The Klepper decision, that a father's action may be barred by the mother's negligence, was expressly predicated on the peculiarities of the statute, under which there is no apportionment of damages between the parents.[4] The opinion in conclusion limits the principle to the situation where "the facts so justify." It does not, however, by language or rationale, hold that a father must have actual knowledge or notice of the mother's negligent conduct in order to permit the defense in an action by him under the statute. The critical fact noted in the trial court's instruction in that case was, as above stated, the plaintiff father's consent to or knowledge of the mother's custody and control of the child at the time in question in a suit involving the normal family situation contemplated by the statute. Certainly, then, neither a father's physical absence, near or far, nor his lack of knowledge of the negligent conduct, could serve to distinguish the cases.
Examination of the majority and dissenting opinions in Klepper and subsequent cases verifies the continuing vitality of the principle upon which appellant, the plaintiff father, relies in this cause: "* * * in this state we do not impute the negligence of a husband or wife to the other spouse merely because of the existence of the marital relationship," and without other evidence the negligence of a wife, contributing to the death of her child, would not necessarily bar recovery by the father.[5]
Under our cases as well as other authorities, however, the general rule applied in this state against imputing negligence on the basis of marital relationship is expressly qualified to permit or require imputing negligence between spouses when one is in fact an "agent in the matter in hand, or they are jointly engaged in the *308 prosecution of a common enterprise."[6] The present case does not in our opinion require or permit consideration of the extent to which one parent may as a matter of fact or law[7] become the agent of the other in the care of their child, discussion of the rule against imputed negligence being pertinent only to indicate its qualified character.
Availability of the defense of contributory negligence here is, as first above stated, predicated on the controlling effect of the indivisible nature of the claim under the statute in the particular situation at bar. The question presented should accordingly be answered in the affirmative.
CALDWELL, C.J., and ROBERTS and THORNAL, JJ., concur.
ERVIN, J., dissents with Opinion.
ERVIN, Justice (dissenting):
There is no language in Section 768.03 which logically operates to defeat a father's recovery of his damages for the wrongful death of his child from the defendant charged with the death because of the contributory negligence of the child's mother (plaintiff's wife), who had the child in her custody at the time of its alleged wrongful death. This statute only purports to open up the common law prohibition, prescribe who can prosecute the cause of action, and the nature of the damages recoverable, but deals not at all with any substantive question relating to the indivisibility of the cause of action or the imputation of contributory negligence between spouses which might defeat recovery of both. Furthermore, Section 768.03 should be read in light of Section 4, Declaration of Rights, Florida Constitution, which opens all courts so that every person shall have remedy for any injury done him. Denial of remedy to plaintiff herein for the reasons set forth in the majority opinion appears to amount to unequal protection and treatment under the Constitution. For a better and more comprehensive statement of this conclusion see the dissenting opinion in Klepper v. Breslin (Fla.), 83 So.2d 587.
NOTES
[1] F.S. Sec. 25.031, F.S.A.; Rule 4.61, Fla.App. Rules, 32 F.S.A.
[2] Haddock, for Use and Benefit of Wiggins v. Florida Motor Lines Corp., 150 Fla. 848, 9 So.2d 98; Covey v. Eppes, Fla. 1963, 153 So.2d 3; Burch v. Gilbert, Fla.App. 1963, 148 So.2d 289. See also cases collected 25A C.J.S. Death § 46 p. 713; 65A C.J.S. Negligence § 163, p. 209.
[3] 83 So.2d 587, 590.
[4] Parties in actions for death of minor child; damages. 
(1) * * * the father of such minor child, or if the father be not living, the mother may maintain an action against such individual, private association of persons, or corporation, and may recover, not only for the loss of services of such minor child, but in addition thereto, such sum for the mental pain and suffering of the parent (or both parents) if they survive, as the jury may assess."
[5] Ward v. Baskin, Fla. 1957, 94 So.2d 859, 66 A.L.R.2d 1320.
[6] Seaboard Air Line Ry. Co. v. Watson, 94 Fla. 571, 113 So. 716; Bessett v. Hackett, Fla. 1953, 66 So.2d 694. Anno. 2 A.L.R.2d 805.
[7] Cf. Ward v. Baskin, note 5 supra, dissenting opinion 94 So.2d p. 860.