376 So.2d 1191 (1979)
Donald C. SINGLETARY, As Personal Representative of the Estates of Jenifer Lynn Singletary, Deceased, and Matthew Donald Singletary, Deceased, for and On Behalf of the Survivor, Donald C. Singletary, Appellant,
v.
NATIONAL RAILROAD PASSENGER CORPORATION, a Foreign Corporation, Seaboard Coast Line Railroad Company, a Foreign Corporation Authorized to Do Business in Florida, and Frank C. Strickland, Jr., Appellees.
No. 79-209.
District Court of Appeal of Florida, Second District.
October 24, 1979.
Rehearing Denied November 13, 1979.
*1192 Kenneth L. Connor of Gibson & Connor, Lake Wales, and William B. Fletcher, Sebring, for appellant.
Dabney L. Conner of Boswell, Boswell & Conner, Bartow, for appellees.
GRIMES, Chief Judge.
This appeal involves a construction of the 1972 revision of the wrongful death statutes as they relate to the reduction of a parent's damage claims for the death of his children caused by an accident in which the other parent was concurrently negligent.
The accident occurred at a railroad crossing in Avon Park when a train collided with an automobile driven by Nancy K. Singletary. Mrs. Singletary and her two children, Matthew and Jenifer, who were with her in the car, all died as a result of the accident. The court appointed Donald Singletary, the surviving spouse of Nancy Singletary and the father of her two children, personal representative of each of the decedents' estates. On behalf of the estates and on his own behalf as the decedents' survivor, Mr. Singletary then brought suit against the railroad and Frank C. Strickland, Jr., the train engineer.
After a jury had heard the case, it found for Mr. Singletary and awarded the following damages:

The Estate of Nancy Singletary $14,370.18
Donald Singletary as Survivor
 of Nancy Singletary 225,000.00
The Estate of Matthew Singletary 2,170.17
Donald Singletary as Survivor of
 Matthew Singletary 80,000.00
The Estate of Jenifer Singletary $ 958.49
Donald Singletary as Survivor of
 Jenifer Singletary 80,000.00

The jury charged Strickland and the railroad with 65% of the negligence in causing the accident and charged Nancy Singletary with 35%.
Following the return of this verdict, the court considered a motion for entry of final judgment. Mr. Singletary argued that in entering the final judgment, the court should reduce in proportion to the percentage of negligence charged to Mrs. Singletary by the jury only the amounts awarded to her estate and to him, as her survivor. He contended that it should make no reduction because of Mrs. Singletary's negligence in the amounts awarded to the Estates of Matthew and Jenifer Singletary and to him as their survivor. The defendants, on the other hand, argued that the court should reduce not only the claims pertaining to Nancy Singletary but also the amounts awarded to Mr. Singletary as survivor of each of the two children. The court agreed with the defendants' position and entered judgment reducing by 35% the amount of all of the awards except those to the estates of the two children. Mr. Singletary then filed this appeal.
The law is well settled in Florida that the negligence of the driver of an automobile will not be imputed to a passenger therein who has no authority or control over the car or driver. Bessett v. Hackett, 66 So.2d 694 (Fla. 1953); Miami Coca Cola Bottling Co. v. Mahlo, 45 So.2d 119 (Fla. 1950). Moreover, in Ward v. Baskin, 94 So.2d 859 (Fla. 1957), the supreme court held that the father's recovery for a child's injury in an automobile accident could not be barred because of the wife-driver's contributory negligence.
Each of the cases cited above were personal injury actions which did not involve claims for wrongful death. There is a line of Florida decisions under the wrongful death statutes, however, that hold that the negligence of one parent which contributes to the death of their child is imputed to the other parent. Orefice v. Albert, 237 So.2d 142 *1193 (Fla. 1970); Martinez v. Rodriguez, 215 So.2d 305 (Fla. 1968); Klepper v. Breslin, 83 So.2d 587 (Fla. 1955). The clearest statement of this rule appears in Martinez where the Fifth Circuit Court of Appeals certified to our supreme court the following question:
Whether a father who sues under the Florida Statute 768.03, F.S.A. to recover damages for the death of his minor daughter is completely barred from recovery by the contributory negligence of the child's mother when the father neither knew nor should have known of the mother's negligent conduct in supervising the child.
215 So.2d at 307. The supreme court answered the question in the affirmative, concluding that the negligence of the mother was imputable to the father.
It cannot be doubted that the reason the Martinez court held that the negligence of one parent was to be imputed to the other was because of the indivisible nature of the parents' claim under Section 768.03, Florida Statutes (1967), which read:
768.03 Parties in actions for death of minor child; damages. 
(1) * * * [T]he father of such minor child, or if the father be not living, the mother may maintain an action against such individual, private association of persons, or corporation, and may recover, not only for the loss of services of such minor child, but in addition thereto, such sum for the mental pain and suffering of the parent (or both parents) if they survive, as the jury may assess.
Moreover, the court relied heavily upon its earlier decision in Klepper v. Breslin, supra, where in construing Section 768.03 to require imputation of negligence among parents, the court had said:
The peculiarity of the Florida act is that it creates a right to a cause of action which, first, may be exercised by the father of a minor, and if the father be not living, then next the mother may maintain the action and further specifies the items of damages to be recovered in the form of compensation for the loss of services of the minor and in addition thereto "such sum for the mental pain and suffering of the parent (or both parents) if they survive, as the jury may assess". See Annotation, 14 A.L.R.2d 488, 497.
As applied in Florida over the years this act has been construed to mean that in cases where a husband and wife are living together in a normal family relationship such as in the case at bar and a minor child is killed by the wrongful act of another, then the father brings the action and recovers not only for his own mental pain and suffering but also for that of the mother. It should be noted that the recovery is for such sum as the jury may assess and that the amount of the recovery is indivisible; that is to say, there is no apportionment between the parents.
83 So.2d at 591.
The supreme court further highlighted the rationale of Klepper and its progeny in Ward v. Baskin, supra, in which the defendant sought to apply the Klepper principle to a personal injury action. Holding Klepper to be inapplicable to a case not brought under the wrongful death statute, the court said:
We begin with the proposition that the mere relationship of husband and wife does not in and of itself constitute a sufficient basis upon which to impute to the wife or husband the negligence of the other. Bessett v. Hackett, Fla. 1953, 66 So.2d 694. We find nothing in Klepper v. Breslin, supra, contrary to this general rule. In order to justify this conclusion we think it well that the reader refer to the factual situation presented to the Court in the Klepper case and further bear in mind that we were there interpreting and applying Section 768.03, Florida Statutes, F.S.A., which is the act giving a right of action to parents for the wrongful death of a minor child. It was against this backdrop cyclorama that the tragedy unfolded in the Klepper decision. We there pointed out the significant peculiarities of the cited Florida statute. It was noted that after considerable research *1194 we found this statute to be peculiar to Florida with no exact counterpart in any other state. Hence the many decisions of other courts dealing with the subject are necessarily of little persuasion in Florida. The peculiarity consists in the provision that when suing for the wrongful death of a minor child, the father is authorized to recover damages not only for the loss of services but also for the mental pain and suffering of himself and his wife. We emphasized that the damage award under the statute was an indivisible one.
94 So.2d at 860.
The precise question before us then is whether the rule in Klepper and Martinez[1] continues to be applicable under the current wrongful death statutes, Sections 768.16-.27, Florida Statutes (1977). These statutes when enacted in 1972 made substantial changes in the laws pertaining to claims for wrongful death. The decedent's personal representative now brings all suits for the benefit of each of the decedent's survivors and his estate. § 768.20, Fla. Stat. (1977). Section 768.18(1) defines survivors to include a decedent's parents, and Section 768.21(1) lists the elements of damage for which "each survivor" may recover. Finally, Section 768.21(4) provides that "each parent" of a deceased minor child may also recover for mental pain and suffering. Thus, the new statutes clearly separate the claims of the two parents.
Now that the new wrongful death statutes have separated the parents' claims, the only remaining argument which can be made for continuing to impute one parent's negligence to the other is based upon the theory of marital unity. Citing Klepper v. Breslin, supra, for the minority view, Prosser addresses this contention as follows:
About all that remains of the barred action is the antique rule in a small number of states which "imputes" the negligence of one parent to the other when the action is for the death of a child. Except where it can be justified on the basis that the damages recovered will be community property, this, too, has generally been rejected as a senseless survival of a discarded concept of marital unity.
W. Prosser, Law of Torts 914 (4th ed. 1971). Regardless of whether we wholly embrace Professor Prosser's views of marital unity, we would agree with him that there is no good reason to penalize the non-negligent parent simply because the carelessness of his spouse contributed to his child's death. We believe that the general rule against the imputation of one parent's negligence to the other should now be applied to actions for wrongful death. We are comforted by the knowledge that our holding is clearly in accord with the weight of authority throughout the United States. Annot., 2 A.L.R.2d 785 (1948); Annot., 23 A.L.R. 670 (1923); Restatement (Second) of Torts §§ 493, 494A (1965).
Accordingly, we reverse the judgment as it relates to the claims of Mr. Singletary, as the survivor of his minor children, and direct the court to reinstate those awards to their full $80,000 values.[2]
SCHEB and RYDER, JJ., concur.
NOTES
[1] While Orefice v. Albert, supra, did not discuss the indivisible nature of Section 768.03, it is evident that the decision was grounded upon the authority of Martinez.
[2] We need not consider the question of whether Mr. Singletary's ownership interest in the automobile was properly before the court. Because there was no evidence that he was personally negligent, this fact was irrelevant. Acevedo v. Acosta, 296 So.2d 526 (Fla. 3d DCA 1974).