SCHEB, Chief Judge.
Plaintiffs, Richard and Georgia Yusk, individually, and as parents and next friends of their son, Chad Yusk, sued to recover for injuries sustained by Mrs. Yusk and their son who were injured in an automobile accident. After a nonjury trial the court found the defendants liable but held Mrs. Yusk twenty-five percent negligent. Plaintiffs’ counsel requested the court to enter separate awards for each plaintiff. However, the court awarded the plaintiffs a single judgment of $17,949.74.
The one contention by the Yusks that has merit concerns the court’s failure to enter a separate judgment for Mr. and Mrs. Yusk on behalf of their son Chad, age 10. While the court should have entered a separate judgment on each of the plaintiffs’ claims, it was not reversible error in this *983 case for the court to enter a common judgment for . Mr. and Mrs. Yusk. It was reversible error, however, for the court to have failed to enter a separate judgment for the Yusks on behalf of their minor son as they requested. Tucker v. Shelby Mutual Insurance Co., 343 So.2d 1357 (Fla.14st DCA 1977). The separate judgment is essential because the sum awarded on the minor’s behalf must be accounted for by the parents. See Cicero v. Paradis, 184 So.2d 212 (Fla.2d DCA 1966). Additionally, the minor’s award cannot be reduced by the twenty-five percent comparative negligence of Mrs. Yusk since a driver’s negligence cannot be imputed to a passenger where, as here, the passenger had no authority or control over the car or driver. Bessett v. Hackett, 66 So.2d 694 (Fla.1953); Singletary v. National Railroad Passenger Corp., 376 So.2d 1191 (Fla.2d DCA 1979).
We have examined the other contentions raised by the plaintiffs, and find them to be without merit. Accordingly, we vacate the final judgment, and remand for entry of a judgment to comport with this opinion.
GRIMES and DANAHY, JJ., concur.